# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**KENNY F. EDMONSON**                                                       **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 3:08-cv-66-TSL-JCS**

**WILSON AUTO INC., et al.**                                      **DEFENDANTS**

<u>ORDER</u>

Plaintiff Edmonson filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. The plaintiff was originally granted permission to proceed as a pauper in this civil action, however, on June 12, 2008, an order [10] was entered revoking plaintiff's permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision. The order directed plaintiff to pay the full filing fee of $350.00, within twenty days. The order warned plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Although plaintiff filed a response [14] to the court's order on July 3, 2008, he has not paid the filing fee.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

As stated above, by order entered June 12, 2008, plaintiff was directed to pay the full filing fee for this case, within twenty days. Clearly, plaintiff has had ample time to comply with the court's order. Since the plaintiff has been denied permission to proceed as a pauper and the court has not received payment of the filing fee for this civil action, the court concludes that dismissal of this action for plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper.

IT IS THEREFORE ORDERED AND ADJUDGED, that this case is hereby **dismissed,** without prejudice. *See Munday/Elkins Auto.*

*Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS FURTHER ORDERED AND ADJUDGED that the clerk of court is directed to re-open this civil action if the full filing fee of $350.00 is paid within twenty days from the entry of this order.

A final judgment in accordance with this order will be entered.

SO ORDERED, this the 27th day of April, 2009.


                                  /s/Tom S. Lee
                                  UNITED STATES DISTRICT JUDGE